**LOGS LEGAL GROUP LLP**
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683
Telephone: (360) 260-2253
LLG No. 26-131811

Honorable Judge Mary Jo Heston
Chapter: 7
Hearing Date: October 5, 2026
Hearing Time: 01:00PM
Hearing Location: Vancouver ZoomGov.
Response Deadline: September 28, 2026

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In Re:<br><br>Hailey Nichole Watson<br><br>Debtor(s) | Case No. 26-42158-MJH<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY** |

COMES NOW Toyota Lease Trust ("Creditor") and pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code moves this Court for relief from the automatic stay to permit it to exercise its applicable state law remedies against the following described personal property:

2023 MAZDA CX-5, VIN: JM3KFBCM1P0222355

(the "Vehicle").

Creditor further moves this Court for waiver of the 14-day stay pursuant to FRBP 4001(a)(4).

## I. BACKGROUND

On May 12, 2023, Hailey N Watson ("Debtor") executed a Closed-End Motor Vehicle Lease ("Lease") to lease the Vehicle. A copy of the Lease is attached to the Declaration in Support of Motion for Relief from Stay ("Declaration") and is incorporated herein by reference

Creditor has a valid and perfected security interest in the Vehicle. A copy evidencing that perfection is attached to the Declaration and is incorporated herein by reference.

The Lease provides for 36 monthly installment payments of $505.70 and has a scheduled maturity date of May 12, 2026. As of August 14, 2026, the loan has matured and the outstanding balance due under the Lease is $23,475.01. Although Creditor has not had the opportunity to inspect the Vehicle, the estimated value of the Vehicle is Vehicle is $25,475.00. A copy of the valuation is attached to the Declaration and is incorporated herein by reference.

## II. ARGUMENT

Under 11 U.S.C. § 362(d)(1), on request of a party in interest, the automatic stay shall be terminated for cause, including the lack of adequate protection. Section 362(d)(2) further provides the automatic stay shall be terminated if there is no equity in the property and the property is not necessary for an effective reorganization.

As detailed above, there is no equity in the Vehicle. After factoring in the outstanding balance and costs necessary to liquidate, the total amount due exceeds the value of the Vehicle. Furthermore, Debtor's failure to maintain the required payments constitutes "cause". Consequently, Creditor lacks adequate protection and there is cause to terminate the stay. As the Debtors have chosen to liquidate under a Chapter 7, there is no reorganization element for which the Vehicle is necessary.

///

///

///

///

///



*LOGS LEGAL GROUP LLP*
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683
Telephone (360) 260-2253 (800)970-5647

## III. CONCLUSION

WHEREFORE, Creditor requests this Court enter an order terminating the automatic stay so that Creditor may be allowed to exercise its enforcement remedies under the Lease, including taking all actions necessary to sell the Vehicle and apply the proceeds to the balance owing to Creditor.

Dated this 4th day of September, 2026.

/s/ Cara J. Richter
Cara J Richter, #47723
LOGS Legal Group LLP
Attorney for Creditor
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683



*LOGS LEGAL GROUP LLP*
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683
Telephone (360) 260-2253 (800)970-5647